David M. Phillips, Esq. (State Bar No. 150541)
**POLLARD MAVREDAKIS**
**CRANERT CRAWFORD**
35 N. Lake Avenue, Suite 500
Pasadena, California  91101
Telephone:  (626) 793-4440
Facsimile:  (626) 793-1556

Attorneys for Defendant
HARRY'S, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### (WESTERN DIVISION)

| | |
|---|---|
| ARTHUR MOGILEFSKY,<br><br>               Plaintiff,<br><br>vs.<br><br>HARRY'S, INC., a Delaware Corporation, DOES 1-5,<br><br>               Defendant. | Case No. _____<br><br>**[formerly Superior Court of California, San Luis Obispo County - Case No. 17CV0047.]** |

## <u>NOTICE OF REMOVAL</u>

Defendant HARRY'S, INC. ("Defendant") hereby removes Case No. 17CV0047 from the Superior Court of California, San Luis Obispo County, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### Statement of the Case

1.    Plaintiff ARTHUR MOGILEFSKY ("Plaintiff") claims that he cut his scalp while shaving his head with a razor sold and manufactured by Defendant. (Plaintiff's Complaint ("Complaint"), is attached as Exhibit "A" to the Declaration of David Phillips ("Phillips Decl."), filed concurrently with this Notice of Removal.)

2.      Plaintiff is an individual who resides in California.  (Complaint, ¶ 10.)

3.      Defendant is a Delaware corporation.  (Complaint, ¶ 11.)

4.      On or about January 27, 2017, Plaintiff filed an action in Superior Court of California, San Luis Obispo County, Case No. 17 CV 0047, to recover for his injuries. Plaintiff's Complaint alleges causes of action for (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Strict Products Liability; (4) Intentional Misrepresentation; (5) Intentional Infliction of Emotional Distress; (6) Fraud; (7) Concealment; (8) Battery; (9) Violation of California Consumer Legal Remedies Act; (10) Violation of California Unfair Competition Act; (11) Violation of California False Advertising Act; and (12) Violation of the Federal Fair Trade Commission Act.  (Complaint.)

5.      Plaintiff served his Complaint on Defendant by personal delivery on February 27, 2017.

6.      Plaintiff claims compensatory damages; punitive damages; costs and attorney's fees; and "an award of such other and further relief as the nature of the case may require, or as the Court deems just, equitable, and proper."  (Complaint, Prayer for Relief.)

7.      Other than claiming that "amount demanded exceeds $25,000", in order to justify his demand for a jury trial, Plaintiff's Complaint does not state how much Plaintiff seeks to recover.

8.      In correspondence between Plaintiff and Defendant, however, Plaintiff has claimed that he is entitled to $20,000,000 in compensation.  (February 27, 2017, email from Plaintiff to Jack Sarno, an agent/employee of Defendant, attached as Exhibit "B" To Phillips Decl.)

9.      Until Defendant received Plaintiff's February 27, 2017, email, neither Defendant nor Defendant's counsel knew the amount claimed by Plaintiff, or that Plaintiff claimed more than $75,000 in damages.  (Phillips Decl., ¶ 6.)

**Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

10.    28 U.S.C. section 1332 (a) provides in pertinent part as follows:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States

..."

11.    This court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and more than $75,000, exclusive of interest and costs, is in controversy.

12.    As stated above, Plaintiff alleges that he is a resident of the State of California.  (Complaint, ¶ 10.)

13.    Defendant is not a citizen of the State of California.  Rather, Defendant is a business incorporated in the State of Delaware.  (Complaint, ¶ 11.)

14.    There is therefore complete diversity between Plaintiff and Defendant in this action.

15.    Although Plaintiff's Complaint does not claim a specific amount in controversy, it claims compensatory damages; punitive damages; costs and attorney's fees; and "an award of such other and further relief as the nature of the case may require, or as the Court deems just, equitable, and proper."  (Complaint, Prayer for Relief.)

16.    However, in correspondence between Plaintiff and Defendant, Plaintiff has claimed that he is entitled to $20,000,000 in compensation.  (February 27, 2017, email from Plaintiff to Jack Sarno.)

17.    Accordingly, the amount in controversy is well over $75,000, and the jurisdiction threshold under 28 U.S.C. § 1332(a) is satisfied.

**All Procedural Requirements Have Been Satisfied**

18.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the state court action which have been

served upon Defendant are being filed with this Notice of Removal. (Phillips Decl., Exhibit "C".)

19. Notice of Removal has been filed within 30 days of the date that Defendant received the Operative Complaint, and within 30 days of the date that Defendant received notice that the amount in controversy in this matter was more than $75,000, indicating that diversity jurisdiction was therefore appropriate. Removal is therefore timely under either 28 U.S.C. § 1446(b)(1) or 28 U.S.C. § 1446(b)(3).

20. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Central District of California, Western Division, is the federal judicial district embracing the Circuit Court for San Luis Obispo County, California, where the state court action was originally filed.

### Conclusion

21. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

DATED: March 29, 2017

POLLARD MAVREDAKIS
CRANERT CRAWFORD

By: _David M. Phillips_____

David Phillips
Attorneys for Defendant
HARRY'S, INC.

-4-

## DECLARATION OF DAVID M. PHILLIPS

I, DAVID M. PHILLIPS, declare as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of the State of California and a member of the law firm of Pollard Mavredakis Cranert Crawford, attorneys of record for Defendant HARRY'S, INC. ("Defendant") in the captioned action.

2.      The matters stated in this declaration are stated on my own personal knowledge.  If called upon to testify as a witness to the matters, I could and would competently so testify.

3.      This declaration is submitted in support of Defendant's Notice of Removal.

4.      Attached hereto as Exhibit "A" is a true and correct copy of the Complaint of Plaintiff Arthur Mogilefsky ("Plaintiff") in this matter, dated January 27, 2017.

5.      Attached hereto as Exhibit "B" is a true and correct copy of an email from Plaintiff to Jack Sarno, an employee/agent of Defendant, dated February 27, 2017.

6.      Until Defendant received Plaintiff's February 27, 2017, email, neither I nor Defendant knew the full amount claimed by Plaintiff, or that Plaintiff claimed more than $75,000 in damages.

7.      In compliance with the requirements of 28 U.S.C. § 1446(a) I can attest that there are no other process, pleadings, and orders (other than Exhibit A) served upon Defendant in this action.

I declare, under penalty applicable to perjury under the laws of the State of California, that all of the foregoing is true and correct.  This declaration was signed by me on this 29th day of March, 2017 in the City of Pasadena, California.


_David M. Phillips_
David M. Phillips

-5-

David M. Phillips, Esq. (State Bar No. 150541)
**POLLARD MAVREDAKIS**
**CRANERT CRAWFORD**
35 N. Lake Avenue, Suite 500
Pasadena, California  91101
Telephone:  (626) 793-4440
Facsimile:  (626) 793-1556

Attorneys for Defendant
HARRY'S, INC.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing NOTICE OF REMOVAL, with supporting DECLARATION OF DAVID M. PHILLIPS and attached exhibits, was sent via United States Mail on the 29th day of March, 2017, postage prepaid thereon to:

ARTHUR MOGILEFSKY
878 Mesa Drive
Arroyo Grande, CA 93420
Telephone: (805) 904-6164
Fax: (805) 904-6164
Email: mogel@charter.net

Plaintiff *pro se*

Executed on March 29, 2017, at Pasadena, California.

I declare under penalty of perjury that the foregoing is true and correct.


Jacqueline Francis

-6-