# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Philip S. Gutierrez

From: Wendy Hernandez, Deputy Clerk   Date Received: 4/26/17

Case No.: cv17-2430-PSG   Case Title: Arthur Mogilefsky v. Harrys, Inc et al

Document Entitled: PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO REMAND

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | CASE REMANDED ON 4/24/17. SEE ATTACHED COPY OF ORDER. CASE CLOSED. NO FURTHER PLEADINGS WILL BE ACCEPTED FOR FILING IN A CLOSED CASE. |

E-FILED MAY - 1 2017

Document #

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐  The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____   _____
Date                    U.S. District Judge / ~~U.S. Magistrate Judge~~

☑  The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

5/1/17   _____
Date     U.S. District Judge / ~~U.S. Magistrate Judge~~

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

COPY 1 -ORIGINAL-OFFICE    COPY 2 -JUDGE    COPY 3 -SIGNED & RETURNED TO FILER    COPY 4 -FILER RECEIPT

CV-104A (06/13)   NOTICE OF DOCUMENT DISCREPANCIES

ARTHUR MOGILEFSKY
878 Mesa Drive
Telephone: (805) 904-6164
Fax: (805) 904-6164
Email: mogel@charter.net

Pro Se

RECEIVED BUT NOT FILED
APR 26 2017
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Arthur Mogilefsky

    Plaintiff,

vs

Harry's Inc.
a Delaware Corporation, Does 1-5

    Defendant.

Case No.: 2:17-CV-02430

Formerly Superior Court of San Luis Obispo County Case No. 17CV0047

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO REMAND

**PLAINTIFF'S RESPONSE:**

1. In response to the Court's order to show cause why this matter should not be remanded, dated April 5, 2017 the Defendant presents two pleadings to the Court, one of those pleadings is entitled DEFENDANT HARRY'S INC.'S, RESPONSE TO PLAINTIFF'S REQUEST FOR REMANDED; DECLARATION OF DAVID M. PHILLIPS **and** DEFENDANT HARRY'S INC.'S MEMORANDUM IN SUPPORT OF THIS COURT'S EXERCISE OF DIVERSITY JURISDICTION; DECLARATION OF DAVID M. PHILLIPS.

2. The two pleadings are virtually identical and they will be addressed in the aggregate.

**DIVERSITY:**

3. DEFENDANT argues in its filings that there is diversity of Citizenship between the parties.

4. In his REQUEST FOR REMAND (Exhibit "A") the PLAINTIFF does not take issue with diversity and thereby acknowledges that it exists. Although the PLAINTIFF does not have the acumen and experience (no experience) of Defense counsel, Plaintiff understands that New York and California are different states. [The PLAINTIFF is sure of this because he was born in New York and moved to California].

5. Defendants "diversity issue" is a red herring and "space filler" calculated to divert the Courts attention from the sole issue of whether the jurisdictional amount is equal to or greater than $75,000.

**PUNITIVE DAMAGES:**

6. Punitive damages are considered when arriving at the $75,000 threshold. On Page 9 of his declaration Defendant's counsel writes: **"It is Harry's position that Plaintiff's allegations do not plead sufficient facts to support a punitive damages award."** Then he states that there could be punitive damages. Defendant's claims are pure speculation.

**EMAILS:**

7. Defendant argues that a series of emails exchanged between the Plaintiff and Defendant prove that the $75,000 requirement is met. It is the Plaintiff's position that the emails are negotiations and just that, and do not prove the value of the claim. Defendant counsel insists the putative lawsuits against the Defendant should be included in the jurisdictional requirements for this case. That is ridicules.

**INJUNCTION:**

8. Plaintiff acknowledges that Defendants costs attributed to Plaintiff's request for injunction is a factor in determining the jurisdictional amount. In his pleadings Defendant states that the Plaintiff seeks "expansive injunctive relief". The true facts are that the Plaintiff only asks that a "suitable warning" be placed on Defendant's packaging to warn head shavers that Defendant's product may cause scalp wounds.

9. Defendant claims this would "create extreme and costly burdens on Harry's business".

1  The Plaintiff ships its razors in cardboard boxes that are custom imprinted with its name and
2  logo. Since Harry's is a "good customer" it is likely that the people who print the boxes would
3  print a warning on the outside of the box at no cost to the Defendant.



## ATTORNEYS FEES:

10. Defendant contends, rightly so, that attorneys fees should be considered in determining the jurisdictional limit. Defense counsel states that attorneys fees will drive the cost of defense to the jurisdictional limit because the complaint alleges 12 causes of action. The 12 causes of action

are all related to the same injury sustained by the Plaintiff and address the same issue, keeping the attorney's fees to a minimum.

11. Attorney Phillips also wants this Court to believe "extensive discovery" will be needed and this will boost the claim to $75,000. What discovery? The Plaintiff's head was cut. He went to the doctor, he has a bill for medical services in the amount of $225. End of discovery.

## CONCLUSIONS

12. Harry's makes a defective razor that is capable of causing scalp wounds like the ones shown in the color pictures in the complaint. Zurich Insurance Company (attorney Phillips) had an opportunity to settle Plaintiff's claim anywhere from $500 to $25,000 and failed to do so, thus committing insurance "bad faith" as to Harry's. Zurich is desperate to avoid the inevitable lawsuit that Harry's will file against them if Plaintiff is successful in his suit.

13. Harry's is currently valued at close to a billion dollars. Zurich's exposure, if Harry's business fails or suffers significant loss of business do to Plaintiffs suit is in the billions of dollars. Phillips is not defending the Defendant, he is defending Zurich and should been conflicted out long before now.

14. Zurich thinks that if the Plaintiff is not successful in his claim that they are "home free" as far as the bad faith action is concerned.

15. Zurich **must** get this case to Federal Court because it is relying on Plaintiff dismissing his claim because Plaintiff would have to travel **9** hours roundtrip to attend hearings, which the Defendant will file to keep the Plaintiff hopping.

16. The Defendant continues to sell it's dangerous razors while the Court reads this pleading. The Plaintiff is the only person to put a stop to it at this time. These are bad people, doing bad things with impunity, with the belief that they are above the law. They thought they would never be caught. The Defendant and its officers are **common criminals** hurting people all over the country.

17. The Defendant has not shown the amount in controversy meets the $75,000 threshold. To protect the jurisdiction of State Courts, removal jurisdiction should be strictly construed to favor of remand.

Dated: April 23, 2017

*[signature]*
Arthur Mogilefsky-Plaintiff

Arthur Mogilefsky v Harry's Inc. Response To Defendants Objections To Remand

4

ARTHUR MOGILEFSKY
878 Mesa Drive
Telephone: (805) 904-6164
Fax: (805) 904-6164
Email: mogel@charter.net

Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Arthur Mogilefsky<br><br>Plaintiff,<br><br>vs<br><br>Harry's Inc.<br>a Delaware Corporation, Does 1-5<br><br>Defendant. | Case No.: 2:17-CV-02430<br><br>Formerly Superior Court of San Luis Obispo County Case No. 17CV0047<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO REMAND |

**PLAINTIFF'S RESPONSE:**

1. In response to the Court's order to show cause why this matter should not be remanded, dated April 5, 2017 the Defendant presents two pleadings to the Court, one of those pleadings is entitled DEFENDANT HARRY'S INC.'S, RESPONSE TO PLAINTIFF'S REQUEST FOR REMANDED; DECLARATION OF DAVID M. PHILLIPS **and** DEFENDANT HARRY'S INC.'S MEMORANDUM IN SUPPORT OF THIS COURT'S EXERCISE OF DIVERSITY JURISDICTION; DECLARATION OF DAVID M. PHILLIPS.

2. The two pleadings are virtually identical and they will be addressed in the aggregate.

EXHIBIT A

**DIVERSITY:**

3. DEFENDANT argues in its filings that there is diversity of Citizenship between the parties.

4. In his REQUEST FOR REMAND (Exhibit "A") the PLAINTIFF does not take issue with diversity and thereby acknowledges that it exists. Although the PLAINTIFF does not have the acumen and experience (no experience) of Defense counsel, Plaintiff understands that New York and California are different states. [The PLAINTIFF is sure of this because he was born in New York and moved to California].

5. Defendants "diversity issue" is a red herring and "space filler" calculated to divert the Courts attention from the sole issue of whether the jurisdictional amount is equal to or greater than $75,000.

**PUNITIVE DAMAGES:**

6. Punitive damages are considered when arriving at the $75,000 threshold. On Page 9 of his declaration Defendant's counsel writes: **"It is Harry's position that Plaintiff's allegations do not plead sufficient facts to support a punitive damages award."** Then he states that there could be punitive damages. Defendant's claims are pure speculation.

**EMAILS:**

7. Defendant argues that a series of emails exchanged between the Plaintiff and Defendant prove that the $75,000 requirement is met. It is the Plaintiff's position that the emails are negotiations and just that, and do not prove the value of the claim. Defendant counsel insists the putative lawsuits against the Defendant should be included in the jurisdictional requirements for this case. That is ridicules.

**INJUNCTION:**

8. Plaintiff acknowledges that Defendants costs attributed to Plaintiff's request for injunction is a factor in determining the jurisdictional amount. In his pleadings Defendant states that the Plaintiff seeks "expansive injunctive relief". The true facts are that the Plaintiff only asks that a "suitable warning" be placed on Defendant's packaging to warn head shavers that Defendant's product may cause scalp wounds.

9. Defendant claims this would "create extreme and costly burdens on Harry's business".

The Plaintiff ships its razors in cardboard boxes that are custom imprinted with its name and logo. Since Harry's is a "good customer" it is likely that the people who print the boxes would print a warning on the outside of the box at no cost to the Defendant.



**ATTORNEYS FEES:**

10. Defendant contends, rightly so, that attorneys fees should be considered in determining the jurisdictional limit. Defense counsel states that attorneys fees will drive the cost of defense to the jurisdictional limit because the complaint alleges 12 causes of action. The 12 causes of action

are all related to the same injury sustained by the Plaintiff and address the same issue, keeping the attorney's fees to a minimum.

11. Attorney Phillips also wants this Court to believe "extensive discovery" will be needed and this will boost the claim to $75,000. What discovery? The Plaintiff's head was cut. He went to the doctor, he has a bill for medical services in the amount of $225. End of discovery.

## CONCLUSIONS

12. Harry's makes a defective razor that is capable of causing scalp wounds like the ones shown in the color pictures in the complaint. Zurich Insurance Company (attorney Phillips) had an opportunity to settle Plaintiff's claim anywhere from $500 to $25,000 and failed to do so, thus committing insurance "bad faith" as to Harry's. Zurich is desperate to avoid the inevitable lawsuit that Harry's will file against them if Plaintiff is successful in his suit.

13. Harry's is currently valued at close to a billion dollars. Zurich's exposure, if Harry's business fails or suffers significant loss of business do to Plaintiffs suit is in the billions of dollars. Phillips is not defending the Defendant, he is defending Zurich and should been conflicted out long before now.

14. Zurich thinks that if the Plaintiff is not successful in his claim that they are "home free" as far as the bad faith action is concerned.

15. Zurich **must** get this case to Federal Court because it is relying on Plaintiff dismissing his claim because Plaintiff would have to travel **9** hours roundtrip to attend hearings, which the Defendant will file to keep the Plaintiff hopping.

16. The Defendant continues to sell it's dangerous razors while the Court reads this pleading. The Plaintiff is the only person to put a stop to it at this time. These are bad people, doing bad things with impunity, with the belief that they are above the law. They thought they would never be caught. The Defendant and its officers are **common criminals** hurting people all over the country.

17. The Defendant has not shown the amount in controversy meets the $75,000 threshold. To protect the jurisdiction of State Courts, removal jurisdiction should be strictly construed to favor of remand.

Dated: April 23, 2017

                                               Arthur Mogilefsky-Plaintiff